

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 07 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANTON PURISIMA,

              Plaintiff,

      -against-

LANG LANG INTERNATIONAL MUSIC
FOUNDATION; LANG LANG, *also known as*
*"Chinese Pianist"*; XI-JIPING, *also known as Vice*
*President of People's Republic of China, "China"*;
WANG QISHAM, *Vice-Premier of People's Republic*
*of China*; JIANG ZEMIN, *also known as Leader of the*
*Chinese Communist Party (CCP) from 1989-2002*;
JANE DOE; and JOHN DOE,

              Defendants.
------------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-5052 (NGG)(LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiff Anton Purisima filed the above-captioned action, 11-CV-5052 (NGG) ("Purisima V"), on October 13, 2011. (Purisima V Compl. (Docket Entry # 1). Pursuant to 28 U.S.C. 1915, Plaintiff's request to proceed in forma pauperis is granted solely for the purpose of this Order. For the reasons set forth below, this action is dismissed.

**I.    BACKGROUND**

Plaintiff has previously filed multiple complaints in this court, in which he alleged that the operators of a bus company discriminated against him on the basis of race or national origin on July 13 and 14, 2009. (See Purisima I Am. Compl. (Docket Entry # 7 in Purisima v. Tiffany Entertainment, et al., No. 09-CV-3502 (NGG) (LB) ("Purisima I")); Purisima II Compl. (Docket Entry # 1 in Purisima v. Asian Marketing, et al., No. 11-CV-1919 (NGG) (LB) ("Purisima II")); Purisima III Compl. (Docket Entry # 1 in Purisima v. Zheng, et al., No. 11-CV-2381 (NGG) (LB) ("Purisima III")); Purisima IV Compl. (Docket Entry # 1 in Purisma v. President Hu-Jintao,

1

et al., No. 11-CV-2967 (NGG) (LB) ("Purisima IV")).) Plaintiff's second through fourth complaints also alleged that the bus company is part of a global conspiracy by the Chinese government and Chinese leaders. (See Purisima II Compl.; Purisima III Compl.; Purisima IV Compl.)

On July 20, 2011, the court consolidated Plaintiff's actions, dismissing the three subsequently filed cases without prejudice to the first. (July 20, 2011 Order (Docket Entry # 57 in Purisima I) at 6.) The court dismissed as frivolous Plaintiff's claims alleging violations of Title VI and Title VII of the Civil Rights Acts. (Id. at 7-8.) The court also dismissed as frivolous Plaintiff's claims alleging a global conspiracy. (Id. at 10.) Consistent with the court's Order, Plaintiff filed a Second Amended Complaint on September 21, 2011. (Docket Entry # 66 in Purisima I.)

In the instant action, Plaintiff names different Defendants but makes allegations similar to those advanced in his prior complaints. Plaintiff reiterates his allegations regarding discrimination in connection with the July 2009 bus trip. (Purisima V Compl. at 16-18, 21.) He "incorporates by reference the 'original complaint' and the 'amended complaint' . . . in case # 09-CV-3502." (Id. at 8.) Plaintiff also alleges that Tiffany Entertainment and Asian Marketing Team, named Defendants in his prior cases, are agents of the Defendants named in his most recent Complaint. (Id. at 3-5, 22.)

The Complaint in the instant action also expands on Plaintiff's global conspiracy claims. Plaintiff now alleges that Defendants are "instigating economic terrorism against [him] and all Americans." (Id. at 1.) He states that "defendants conspired and retaliated against plaintiff Anton Purisima knowing that he was originally from the Philippines" and "the administration in

China executed the three (3) Filipinos . . . on or about May 2010 without due process of law for just minor drug offenses." (Id. at 11.)

Plaintiff seeks damages in the amount of "nine hundred ninety nine decillion dollars." (Id. at 9.) He also requests "injunctive relief" including compensation to American businesses, a criminal investigation of Defendants and "Chinese Businesses inside United States," the release of all Filipino prisoners in China, and "safety measures" for Plaintiff. (Id. at 26.)

## II. DISCUSSION

### A. Duplicative and Frivolous Claims

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). The instant Complaint repeats claims that Plaintiff has raised in his prior suits. Although Plaintiff's new Complaint names new Defendants, it also asserts that these parties are related to Defendants named in the pending case.

First, Plaintiff's claims of discrimination in connection with his June 2009 bus trip are dismissed. Plaintiff's claims regarding this incident remain pending in Purisima I, and the court finds that no useful purpose would be served by the litigation of duplicate claims.

Plaintiff's claims alleging a global conspiracy are also dismissed as duplicative of his previous actions. Nothing in the instant Complaint alters the court's previous finding that Plaintiff's global conspiracy claim factually baseless. (See July 20, 2011 Order at 10.) To the extent that Plaintiff's allegation regarding the execution of three Filipino individuals in retaliation for Plaintiff's prior filings amounts to a new claim, this claim is nonetheless dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). See Gallop v. Cheney, 642 F.3d 364, 368

3

(2d Cir. 2011) ("A court may dismiss a claim as "factually frivolous" if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic' or 'delusional.'")

### B. Frequent Frivolous Litigation

The federal courts have limited resources, and frequent frivolous filings work to diminish the courts' ability to manage their dockets for the efficient administration of justice. Accordingly, "[t]he district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); see also In re Sassower, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

Plaintiff has now filed five civil actions stemming from his June 2009 bus trip. The original case remains pending in this court, and Plaintiff has every opportunity to pursue his claims therein. Each of the subsequent filings has raised duplicative or frivolous claims. Plaintiff is warned that commencing additional duplicative or frivolous cases may result in the imposition of an injunction, which would prohibit him from filing future complaints seeking in forma pauperis status, without leave of the court.

### III. CONCLUSION

For the foregoing reasons, the Complaint is dismissed as duplicative of Plaintiff's action in Purisima v. Tiffany Entertainment, et al., No. 09-CV-3502 (NGG) (LB), and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      November 4, 2011

NICHOLAS G. GARAUFIS
United States District Judge